**IN THE COURT OF APPEALS OF IOWA**

No. 15-1777
Filed December 23, 2015

**IN THE INTEREST OF K.G. AND V.G.,**
      **Minor Children,**

**M.G., Father,**
      Appellant.
_____


Appeal from the Iowa District Court for Polk County, Louise M. Jacobs, District Associate Judge.


The father appeals the district court's termination of his parental rights to his children, K.G. and V.G.  **AFFIRMED.**


Robb Goedicke of Cooper, Goedicke, Reimer & Reese, P.C., West Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, Assistant Attorney General, for appellee State.

Kimberly Ayotte of the Youth Law Center, attorney and guardian ad litem for minor children.


Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**VOGEL, Presiding Judge.**

The father appeals the district court's termination of his parental rights to his children, K.G. and V.G. He asserts the court improperly terminated his rights under Iowa Code section 232.116(1)(b), (e), (f), and (i) (2015), and that termination was not in the children's best interests. The father, however, gives no supporting argument for these claims; therefore, they are waived. Nonetheless, given the father's imprisonment and lack of contact with the children, the court properly terminated his rights pursuant to paragraph (f), and, additionally, termination is in the children's best interests. Consequently, we affirm the order of the district court.

K.G., born July 2001, and V.G., born March 2008, moved from Chicago to Iowa in the spring of 2012 with the father, after the children's mother died. In May 2012, the children came to the attention of the Iowa Department of Human Services (DHS) due to concerns regarding domestic violence perpetrated by the father against his paramour, as well as the father's heavy drinking. A temporary removal order barred the father from caring for the children, and they continued to reside in the home with the father's paramour, as the father was not allowed in the house pursuant to a no-contact order.[1]

The children were adjudicated in need of assistance on July 10, 2013, and on July 22, 2014, they were placed with their maternal grandmother in Chicago. However, due to concerns in that home, the children returned to Iowa on December 1, 2014. The children were placed in foster homes, and V.G.

---

[1] The father's paramour is the mother of his other children, who are not a part of the current proceedings.

remained in foster care as of the time of the termination hearing. K.G. was placed with her maternal second cousins in Chicago and was there at the time of the hearing.

The father has a criminal record dating back to 1992. This criminal history includes charges for possession of a controlled substance, aggravated assault, domestic battery, and manufacturing and delivering a controlled substance. He is currently incarcerated due to his conviction for domestic abuse, and he testified he will not be released until February 16, 2017. He further testified he has not seen the children since July 22, 2014, and the last time he spoke with them was in July 2015.

The State petitioned to terminate the father's rights on August 4, 2015, and a hearing was held on September 21, 2015, in which the father testified by phone. On October 12, 2015, the district court entered an order terminating the father's rights to the children pursuant to Iowa Code section 232.116(1)(b), (e), (f), and (i).[2] The father appeals.

We review termination proceedings de novo. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). The grounds for termination must be proved by clear and convincing evidence. *Id.* Our primary concern is the child's best interest. *Id.* When the juvenile court terminates parental rights on more than one statutory ground, we only need to find grounds to terminate under one of the sections cited by the juvenile court to affirm. *Id.*

---

[2] The court declined to terminate under paragraph (j), as alleged in the State's petition, though the father cites this paragraph in his brief as a ground on which the court terminated his rights.

The entirety of the father's argument in support of his claim that his rights were improperly terminated consists of a statement that the issue is submitted "for the Court's review based upon the record." In a termination of parental rights appeal, a party must substantially comply with rule 6.1401–Form 5, requiring "findings of fact or conclusions of law" made by the district court with which the party disagrees "and why, and generally referencing a particular part of the record, witnesses' testimony, or exhibits" supporting that position. *See* Iowa R. App. P. 6.201(1)(d); *see also id.* r. 6.1401–Form 5. Given the father's lack of argument contesting the grounds for termination, we conclude he has not satisfied this rule, and therefore his claims are waived. *See id.* 6.1401–Form 5 ("General conclusions, such as 'the trial court's ruling is not supported by law or the facts' are not acceptable. Include supporting legal authority for each issue raised, including authority contrary to appellant's case, if known.").

Nonetheless, on our de novo review, the record supports the district court's termination of the father's rights. He is currently imprisoned and will likely not be released until February 2017. It is clear the children cannot currently be returned to his care, nor will he be able to care for the children within any reasonable period of time—his criminal history, dating back to 1992, indicates as much. *See* Iowa Code § 232.116(1)(f)(4); *see also In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006) (noting that a parent's past actions are indicative of his future behavior).

Moreover, the father has not seen the children since July 2014, and they are currently in stable placements. "We have repeatedly followed the principle that the statutory time line must be followed and children should not be forced to

wait for their parent to grow up." *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998); *see also* Iowa Code § 232.116(2). Given the current circumstances, particularly the father's lack of ability to care for the children, it is in their best interests the father's rights be terminated. Consequently, we conclude the district court properly terminated the father's parental rights pursuant to paragraph (f), and termination is in the children's best interests. We therefore affirm the court's order.

**AFFIRMED.**